**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 13-02009-VAP (DTBx)                              Date:  November 14, 2013

Title:   LMR PROPERTIES LLC -v- MARIO OCHOA
===============================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:   MINUTE ORDER REMANDING CASE TO CALIFORNIA SUPERIOR COURT, SAN BERNARDINO COUNTY (IN CHAMBERS)

   On July 16, 2013 LMR Properties, LLC ("Plaintiff") filed a "Complaint for Unlawful Detainer Against Persons Holding Over After Sale Under Deed of Trust" against Defendant Mario Ochoa ("Defendant").  (See Complaint, Ex. A to Notice of Removal (Doc. No. 1).)  On November 4, 2013, Defendant removed the action on the basis of federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332.  (See Not. of Removal.)  For the following reasons, the Court REMANDS the action to the California Superior Court for the County of San Bernardino.

   Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-

EDCV 13-02009-VAP (DTBx)
LMR PROPERTIES LLC v. MARIO OCHOA
MINUTE ORDER of November 14, 2013

Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

        Defendant alleges the basis for removal is federal question and diversity jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1332.  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).

        Defendant first asserts that jurisdiction exists in this case under federal question jurisdiction because "violations of California Penal Code, FDCPA [the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq.], and RESPA [the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. ] all . . . constitute federal questions."  (Not. of Removal at 4.)  As the Complaint in this matter raises a single claim for unlawful detainer and does not allege any facts related to FDCPA or RESPA, the Court must conclude that the Defendant intends to raise FDCPA and RESPA as a defense.

        Section 1331 confers jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The existence of a federal defense (by itself) does not, however, raise a federal question; it is therefore an insufficient basis to invoke federal question jurisdiction under 28

EDCV 13-02009-VAP (DTBx)
LMR PROPERTIES LLC v. MARIO OCHOA
MINUTE ORDER of November 14, 2013

U.S.C. § 1331, and consequently cannot support removal of an action. Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). Similarly, Defendant's claim that the California Penal Code somehow confers federal jurisdiction is plainly meritless.

Though Defendant does not state it specifically, the Notice of Removal also appears to argue that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. (See Not. of Removal at 4.) Where subject-matter jurisdiction is based on 28 U.S.C. § 1332, complete diversity of citizenship is required. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). In other words, a court lacks subject-matter jurisdiction "unless each defendant is a citizen of a different State from each plaintiff." Id. Defendant failed to allege Plaintiff's citizenship in the Notice of Removal. (See Not. of Removal at 4. ("Defendant[] [is] a resident of California. To the best of my knowledge, Plaintiff is an investor.").) Plaintiff's citizenship also was not indicated on the civil cover sheet accompanying the Notice of Removal.

Thus, Defendant has not met his burden of establishing that the case is properly in federal court. Gaus, 980 F.2d at 566. Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**